**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**JAMES MADDALENA,**
**Plaintiff**

**v.**

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and The RHODE ISLAND DEPARTMENT OF CORRECTIONS**
**Defendants**

**C.A. No.** [redacted] 07 333 T

# COMPLAINT

## INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **JAMES MADDALENA** (hereafter "Maddalena" or "Plaintiff") against the **STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS** and **THE RHODE ISLAND DEPARTMENT OF CORRECTIONS** (hereafter "State" or "DOC" or "employer" or "company" or "Defendant"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, including retaliatory conduct, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., in addition to other federal, state, and common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, inter alia, §107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §12117 (a), which incorporates by reference §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e-5(f)(1) and (3). All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to, *inter alia*, 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), because:

a) the alleged unlawful practices occurred and are continuing to occur within the State of Rhode Island, and in this judicial district;

b) all records relevant to the alleged unlawful practices are maintained and administered in the Defendants, the Department of Corrections' principal place of business in Cranston, Rhode Island, within this judicial district; and

c) the Plaintiff would currently be enjoying the benefits of his employment by the Defendants at the Department of Corrections in Cranston, Rhode Island, within this judicial district, as a full-time employee, but for the Defendants' unlawful employment practices.

4. On November 30, 2006 Maddalena timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been subjected to unlawful discrimination on the basis of his disability, national origin, and related retaliation (RICHR #: 07 EPD 126-02/02 and EEOC #: 16J-2007-00081).

5. In timely fashion, Maddalena requested Right to Sue authorization from the EEOC and RICHR, and has filed this action within ninety (90) days of his receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (EXHIBIT A).

PARTIES

6. The Plaintiff, James Maddalena, an individual, is a citizen and resident of the City of Cranston, Rhode Island.

7. The Defendants are the State of Rhode Island and Providence Plantations and the Rhode Island Department of Corrections ("DOC"), a state agency, existing under and pursuant to the laws of the State of Rhode Island. The DOC performs various services, including incarceration and supervision of prisoners at the state's adult correctional facilities, pursuant to the penal system and programs of the State of Rhode Island. The DOC maintains a facility and principal place of business at 75 Howard Avenue, Cranston, RI 02920.

8. At all times material to the allegations of this Complaint, the Defendant, the Department of Corrections, has continuously, and does now, employ at least 1000 or more employees in the State of Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendants were and are an employer covered under the provisions of R.I.G.L. §42-112-1 et seq. and §28-5-1 et seq. At all times material to the allegations of this Complaint, Plaintiff was protected and was qualified to assert this action, under the provisions of R.I.G.L. §42-112-1 et seq. and §28-5-1 et seq.

10. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and §107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§701(g) and (h) of Title VII, 42 U.S.C. §2000e (g) and (h).

11. At all times material to the allegations of this Complaint, Defendants have been a covered entity under §101(2) of the ADA, 42 U.S.C. §1211(2) and pertinent provisions of Title VII. Defendants at all times pertinent to this action were an employer within the meaning of R.I.G.L. §§28-5-6(2)(A) and 28-48-1(c) and within the meaning of R.I.G.L. §42-112-1, et seq., and 42-87-1, and all other provisions pertinent to this action.

12. At all times material to the allegations of this Complaint, Plaintiff was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a); qualifies as a person with a disability under 42 U.S.C. 12112(a); and is otherwise covered as an individual and/or an employee under the provisions of R.I.G.L. 28-5-1 et seq., 28-48-1 et seq., 42-112-1 et seq.; as well as other pertinent provisions of Title VII. At all times material to this action, Maddalena was an "employee" under R.I.G.L. §28-5-6, and was protected under the provisions of R.I.G.L. §42-112-1, et seq.

13. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

14. Maddalena has been employed by the Defendants consecutively, and on a full-time basis, for approximately 25 years, since 1981, in the position of Correctional Officer.

15. At all times, Maddalena has performed his duties in a satisfactory manner, meeting the Employer's legitimate expectations in all significant respects.

16. On or about August 17, 2006, Maddalena was seriously injured at work, following an altercation with another employee.

17. This altercation followed several weeks of harassment and discriminatory conduct by certain supervisory employees and certain fellow correctional officers.

18. This misconduct was reported by Plaintiff to appropriate authorities of Defendant, who condoned and authorized said misconduct, and took no good faith remedial action.

19. As more fully outlined below, the conduct referenced in Paragraphs 17-18 commenced following Maddalena's return from work, following resolution of a previous Charge and lawsuit filed against his Employer.

20. As a result of the altercation referenced in Paragraphs 16-17 above, Maddalena suffered from injuries affecting, but not limited to, his spleen, left shoulder, ear (hearing loss), ribs, and head, and he experienced severe stress and anxiety as a result of this incident.

21. Prior to his return to work, referenced in Paragraph 19, Maddalena had filed a Charge of Discrimination and a resulting action alleging, *inter alia,* that he had suffered discrimination, prohibited under the ADA, the RIFEPA, and other statutes.

22. Maddalena was compelled to take a medical leave following the incident referenced in Paragraphs 16-17, in order to recuperate from his severe injuries.

23. At all times material to this action, and except for those periods during which the Plaintiff was absent from work on approved medical leave, Maddalena has

been able, either with or without reasonable accommodation, to perform the essential functions of his position.

24. At all times material to this action, Defendants were fully apprised and informed by the Plaintiff regarding the hostile environment to which he was being subjected.

25. Plaintiff has filed repeated reports and complaints, indicating that he was being denied a safe, secure, and lawful work environment, but the Defendants have ignored such complaints/reports.

26. As appropriate, Plaintiff has applied for benefits for his work-related injuries pursuant to the provisions of the Rhode Island Worker's Compensation Act.

27. This misconduct referenced, above, resulted in an hostile environment, interfering with Maddalena's ability to perform his job duties.

28. Maddalena reported the misconduct referenced in Paragraphs 16-19 above, to appropriate personnel of Defendant, but no reasonable investigation or action was taken.

29. The Employer not only condoned and tolerated, and has attempted to conceal such misconduct, but has also played a significant role in instigating such misconduct.

30. The Employer has engaged in the actions referenced in Paragraph 29 above, in retaliation for Maddalena having previously filed a Charge of Discrimination, and federal law suit against the Employer, based on workplace conditions relating to harassment based on Maddalena's ethnic background and disability status.

31. Maddalena returned to work on May 4, 2006, following a lengthy leave of absence resulting from the misconduct alleged in the claims referenced in Paragraph 30. Maddalena has suffered mistreatment virtually without interruption since the date of his return to work.

32. To date, the Employer has taken no remedial action to address Maddalena's concerns or to provide him with a safe and lawful work environment.

33. Because he asserted his rights as an injured worker, because of his disability status, because he filed charges of discrimination alleging what he reasonably believed to be unlawful workplace conduct, and/or because of his ethnic background/ancestry, Maddalena has been subjected to discriminatory terms and conditions of employment, a hostile work environment, and other forms of retaliation.

34. Maddalena has made repeated good faith attempts to resolve his workplace concerns, through the grievance mechanism and internal resolution procedures. All such efforts have been futile.

35. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, as a result of his disability status and/or race, and in retaliation for previously filing a Workers' Compensation claim, Charge of Discrimination and federal lawsuit regarding unlawful workplace conditions.

36. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost

employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

COUNT I
As To Both Defendants
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
Discriminatory Terms and Conditions of Employment
Failure To Accommodate
Retaliation

37. Paragraphs 1-36 above are incorporated herein by reference in their entirety.

38. At all times material to the allegations of this Complaint, Maddalena was a qualified individual entitled to protection within the terms of the ADA

39. Despite his disability status or impairment, Maddalena was able to perform the essential duties of his position, either with no need for accommodation or with reasonable accommodation.

40. The Defendants have engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections, including the provisions of that law prohibiting retaliation against an individual for asserting his legal right to protection under the statute.

41. The unlawful practices engaged in by the Defendants include, but are not limited to, Defendants' conduct in forcing the Plaintiff to work under discriminatory terms and conditions of employment, and retaliating against Plaintiff for attempting to assert his legally protected rights.

42. But for the Defendants' intent to discriminate against Maddalena, Defendants would not have engaged in the conduct referenced in this Complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
As To Both Defendants
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIAITON
**THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. §42-112-1**

43. The allegations contained in paragraphs 1-36 above are incorporated herein by reference in their entirety.

44. The Defendants' discriminatory conduct, policies, and practices are violative of the provision of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability and/or ethnic background/ancestry;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability status and/or ethnic background/ancestry; and

d. causing him lost income and benefits, humiliation, physical and emotional injury, a well as harm to his person and professional reputation;

e. retaliating against him for asserting his legally protected rights.

45. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Maddalena's status as a qualified employee with a disability/disability status, his ethnic background/ancestry, and the fact that he had previously filed a formal charge of discrimination and lawsuit regarding these issues. Such practices include, but are not limited to, Defendants':

a. retaliating against Maddalena because he asserted his legal rights as an injured/disabled employee and because he complained regarding what he reasonably believed to be discrimination based on his disability status and/or ethnic background/ancestry;
b. retaliating against him; and
c. forcing Maddalena to work under discriminatory terms and conditions of employment.

46. But for the Defendants' intent to discriminate against Plaintiff, Defendants would not have subjected the Plaintiff to discriminatory terms and conditions of employment or retaliated against him.

47. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment. The Defendants' conduct has unlawfully deprived Plaintiff of his employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to him reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
As To Both Defendants
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. §28-5-1 ET SEQ.**
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
FAILURE AND REFUSAL TO ACCOMMODATE
RETALIATION

48. Paragraphs 1-36 above are herein incorporated by reference in their entirety.

49. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status and/or ethnic background/ancestry;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability status and/or ethnic background/ancestry; and

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation;

e. retaliating against him.

50. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Maddalena's disability status and/or ethnic background/ancestry, and the fact that he had previously filed a charge of discrimination and lawsuit regarding such issues. Such practices include, but are not limited to, Defendant's:

a. forcing Maddalena to work under discriminatory terms and conditions of employment; and

b. retaliating against Maddalena for attempting to assert his rights protected under state law and federal law.

51. But for the Defendants' intent to discriminate against Plaintiff, Defendants would not have subjected Plaintiff to discriminatory terms and conditions of employment or retaliated against him.

52. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT IV
As To Both Defendants
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2002, ET SEQ.**
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIATION

53. The allegations contained in paragraphs 1-36 above are herein incorporated by reference in their entirety.

54. Despite Plaintiff's ability to perform the duties of his position with the Defendants in a satisfactory and professional manner, the Defendants unlawfully

subjected Plaintiff to discriminatory terms and conditions of employment and retaliated against Plaintiff, because of Plaintiff's actual or perceived disability and/or his ethnic background/ancestry; and because he filed a charge of discrimination and subsequent lawsuit regarding these issues.

55. But for the Defendants' intent to discriminate against Plaintiff, Defendants would not have subjected Plaintiff to discriminatory terms and conditions of employment and retaliated against Plaintiff.

56. By its conduct, the Defendants have engaged in unlawful action against Plaintiff on the basis of his disability status and/or ethnic background/ancestry, in violation of Title VII of the Civil Rights Act of 1964.

57. By its conduct, the Defendants have caused Plaintiff lost wages, benefits, promotions, and have caused him physical and emotional harm, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT V
## As To Both Defendants
## **RHODE ISLAND WHISTLEBLOWERS PROTECTION ACT**
## **R.I.G.L. §28-50-1**

58. The allegations contained in paragraphs 1-36 above are incorporated herein by reference in their entirety.

59. The Defendants' conduct, as otherwise referenced above, was motivated by an intent to discriminate against the Plaintiff and retaliate against the Plaintiff because he previously sought to assert his rights as an employee suffering from a work-related injury, previously filed a formal Charge of Discrimination with the EEOC and RIHRC,

previously filed a federal lawsuit against this employer/Defendant, and because he has complained regarding what he reasonably believed to be unlawful employer conduct and workplace conditions that violated his rights protected under state and federal statute.

60. With the deliberate intent to retaliate against the Plaintiff, as referenced in the previous paragraph, Defendants subjected Plaintiff to discriminatory terms and conditions of employment, and created and/or tolerated an unsafe and hostile work environment.

61. Defendants' conduct is in violation of the Rhode Island Whistleblowers Act, R.I.G.L. §28-50-1 et seq.

62. As a result of the Defendants' unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to his career, harm to his reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified

individuals regardless of disability status and/or ethnic background, or the fact that they had asserted their rights to be free from discriminatory treatment based on those protected conditions;

b. an order that the Defendants make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the placement of Plaintiff in an appropriate position, with appropriate increases, benefits status, and promotional opportunities;

c. an order that the Defendants make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment, losses in pension entitlement, vacation pay and other benefits, in amount to be determined at trial;

d. an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4,42-112-1 et seq., and 28-5-24;

e. an order that the Defendants cleanse Plaintiff's personnel file, purging any unjust and retaliatory disciplinary records;

f. grant attorney's fees and the costs of this action;

g. grant punitive damages, as appropriate, to punish the Defendants for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4. 42-112-2. and 28-5-1;

h. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10;

i. any and all penalties and damages available pursuant to ERISA; and

j. grant such further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
James Maddalena
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-5802
401-272-4520 (FAX)

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5057 2877

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

June 6, 2007

Mr. James Maddalena
c/o Stephen T. Fanning, Esquire
Law Office of Stephen Thomas Fanning
Attorneys at Law
305 S. Main St.
Providence, RI 02903

Re: EEOC Charge Against State of Rhode Island, Department of Corrections
No. 16J200700081

Dear Mr. Maddalena:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Boston Area Office, EEOC
State of Rhode Island, Department of Corrections

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 07 EPD 126-02/02 EEOC NO. 16J-2007-00081

In the matter of

James Maddelena
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Department of Corrections
Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

6/12/07
Date

MD Evora
Michael D. Évora
Executive Director

*******************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen T. Fanning, Esq.
Patricia A. Coyne-Fague, Esq.
A.T. Wall, Director
Attorney General Patrick Lynch

A-72