**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**JAMES MADDALENA,**
**Plaintiff** **C.A. No. 07-333**

**v.**
**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and The RHODE ISLAND DEPARTMENT OF CORRECTIONS**
**Defendants**

## RULE 16 STATEMENT

## I. INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action was commenced by **JAMES MADDALENA** (hereafter "Maddalena" or "Plaintiff") against the **STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS** and **THE RHODE ISLAND DEPARTMENT OF CORRECTIONS** (hereafter "Employer" or "Defendant"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, including retaliatory conduct, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., in addition to other federal, state, and common law claims.

## II. FACTS COMMON TO ALL COUNTS

Maddalena has been employed by the Defendants consecutively, and on a full-time basis, for approximately 25 years, since 1981, in the position of Correctional Officer. At all times, Maddalena has performed his duties in a satisfactory manner, meeting the Employer's legitimate expectations in all significant respects. On or about August 17, 2006, Maddalena was seriously injured at work, following an altercation with another employee. This altercation, which Maddalena describes as an un provoked attack, followed several weeks of harassment and discriminatory conduct by certain supervisory employees and certain fellow correctional officers. This misconduct was reported by Plaintiff to appropriate authorities of Defendant, who condoned and

authorized said misconduct, and took no good faith remedial action. As more fully outlined below, the conduct referenced above, commenced, following Maddalena's return from work, following resolution of a previous Charge and lawsuit in this Court filed against his Employer.

As a result of the altercation referenced above, which occurred on or about August 17, 2006, Maddalena suffered from injuries affecting, but not limited to, his spleen, left shoulder, ear (hearing loss), ribs, and head, and he experienced severe stress and anxiety as a result of this incident. As discussed below, other forms of harassment and retaliation are ongoing. Maddalena was compelled to take a medical leave following the incident referenced above, in order to recuperate from his severe injuries.

At all times material to this action, Defendants were fully apprised and informed by the Plaintiff regarding the hostile environment to which he alleges he was being subjected. Plaintiff has filed repeated reports and complaints, indicating that he was being denied a safe, secure, and lawful work environment, but the Defendants have ignored such complaints/reports. As appropriate, Plaintiff has applied for benefits for his work-related injuries pursuant to the provisions of the Rhode Island Workers' Compensation Act.

This misconduct alleged by Maddalena resulted in a hostile environment, interfering with Maddalena's ability to perform his job duties. Maddalena reported the misconduct to appropriate personnel of Defendants, but no reasonable investigation or action was taken. The Employer not only condoned and tolerated, and has attempted to conceal such misconduct, but has also played a significant role in instigating such misconduct. The Employer has engaged in the actions referenced above, in retaliation for Maddalena having previously filed a Charge of Discrimination, and federal lawsuit against the Employer, based on workplace conditions relating to harassment based on Maddalena's ethnic background and disability status. Maddalena returned to work on May 4, 2006, following a lengthy leave of absence resulting from the misconduct alleged in the previous claims referenced above. Maddalena has suffered mistreatment virtually without interruption since the date of his return to work, including but not limited to being denied requests for personnel documents, receiving flat tires on work property, and loss of overtime. To date, the Employer has taken no remedial action to address

Maddalena's concerns or to provide him with a safe and lawful work environment. Maddalena alleges that because he asserted his rights as an injured worker, because of his disability status, because he filed charges of discrimination and a federal lawsuit alleging what he reasonably believed to be unlawful workplace conduct, and/or because of his ethnic background/ancestry, he has been subjected to discriminatory terms and conditions of employment, a hostile work environment, and other forms of retaliation. Maddalena has made repeated good faith attempts to resolve his workplace concerns, through the grievance mechanism and internal resolution procedures. All such efforts have been futile.

## III. TRIAL ISSUES/ ANALYSIS

No unusual trial issues are anticipated. Plaintiff's case presents straightforward issues of hostile environment and retaliation. Applicable in this case is the burden-shifting analysis first established by the Supreme Court in **McDonnell Douglas Corp. v. Green**, 411 US 792 (1973). See also **Feliciano de la Cruz v. El Conquistador Resort & Country Club**, 218, F.3d 1,6 (1st Cir. 2000). Under that analysis, Plaintiff can clearly make a *prima facie* showing of discrimination based on the evidence that indicates he was in the protected category, that he initiated formal action against his Employer based on his good faith belief that he had suffered discrimination, and that, as a result, he suffered an adverse job action, including retaliation.

Once Plaintiff has established his *prima facie* case, an inference of discrimination arises. See **Hodges v. General Dynamics, Corp.**, 144 F.3d 151, 165-66 (1st Cir. 1998) The Defendant must then offer a nondiscriminatory reason for the employment action in question. See **Bishop v. Bell Atlantic Corp.**, 229 F.3d 53, 58 (1st Cir. 2002). If it proffers an alleged nondiscriminatory reason for Plaintiff's treatment, and denies retaliation, the Plaintiff must then prove sufficient facts to support a finding that the adverse employment actions he has suffered are the result of discriminatory animus and a retaliatory motive. See **Feliciano de la Cruz**, supra, 218 F.3d at 6. Evidence that the Employer's stated reasons are pretextual can be sufficient for a jury to infer discriminatory animus. See **Gonzalez v. El Dia, Inc.**, 304 F.3d 63, 69 (1st Cir. 2002).

Pretext can be proven in several different ways. See **Santiago-Ramos v. Centennial P.R. Wireless Corp.**, 217 F.3d 46, 55 (1st Cir. 2000).

Notably, if the Court determines that there are sufficient facts which may permit a jury to find direct evidence of discrimination, as indicated above, the McDonnell Douglas test is inapplicable. See **Trans World Airlines, Inc. v. Thurston**, 469 US 111 (1985); See **Teamsters v. United States**, 431 US 324,358, n. 44 (1977); See also **Loeb v. Textron, Inc.**, 600 F.2d 1003, 1014 (1st Cir. 1979) In the final analysis, the Supreme Court and various Circuit Courts have admonished against becoming obsessed with the shifting-burden analysis, or with an excessive preoccupation with the various formulae used in an employment discrimination case—such devices are simply tools to aid in the analysis of evidence. "The ultimate question remains whether the Defendant has discriminated…the shifting-burdens are merely an aid, not ends in themselves." **Goodman v. Lukens Steel Co.**, 777 F.2d 113, 130 (3rd Cir. 1985), aff'd 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); see also **McDonnell Douglas, supra**, 411 U.S. at 802, n. 13, 93 S.Ct. at 1824, n. 13 (noting that elements of a *prima facie* case may vary depending on the facts) In the instant case, there are substantial disputed material facts from which a trier of fact might infer discrimination and a retaliatory motive.

## IV. CASE PROCESSING MATTERS

The Parties have not engaged in any written discovery or depositions. The Plaintiff is willing to participate in the Court's Alternative Dispute Resolution Program.

Respectfully Submitted,
James Maddalena
By His Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-5802
401-272-4520 (FAX)

Certification

I hereby certify that a true copy of the above was served on counsel for the Defendants, Rebecca Tedford-Partington by electronic mail at rpartington@riag.ri.gov on this 14th day of January, 2008.

/s/ Stephen T. Fanning