UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES MADDALENA,
Plaintiff

C.A. No.07-333T

v.

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS and the
RHODE ISLAND DEPARTMENT OF CORRECTIONS
Defendants

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Now comes the Plaintiff, James Maddalena, and hereby files this Memorandum in Support of Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Interrogatories.

Plaintiff served on Defendants' counsel his First Set of Interrogatories on April 22, 2008. (see Plaintiff's Interrogatories included in Attachments A) Plaintiff fully cooperated with the Defendants relative to any additional time or extensions Defendants needed to supply complete responses.

On June 10, 2008, Defendants served their objections and responses to Plaintiff's First Set of Interrogatories. Plaintiff posed 29 Interrogatories, and the Defendants made approximately 18 objections, with incomplete and vague responses to the remaining requests. (see Defendants' answers on Attachment B)

Defendants' objections repeatedly state the same stock objection, without citing any meaningful basis; that Plaintiff's discovery requests are "vague and overbroad, immaterial and not calculated to lead to the discovery of admissible evidence." Plaintiff

urges that all of his discovery requests sought information properly discoverable and due the Plaintiff under applicable Rhode Island and Federal Rules of Evidence.

After the Parties discussed the discovery deficiencies, the Defendants supplemented three responses with more complete answers. (Attachment C)

Plaintiff urges that the Defendants' responses are deficient as follows:

INTERROGATORY NO. 1: Plaintiff has sought basic information permitting it to identify and contact likely witnesses with discoverable information. Defendants' response basically directs the Plaintiff to sift through Defendants' document responses in order to speculate as to appropriate witnesses. Defendants' response is clearly deficient, and provides no identifiable information.

INTERROGATORY NO. 2: Plaintiff has sought clearly relevant information pertaining to documents and other tangible things pertinent to this case. Defendants have objected and again provided virtually no information.

INTERROGATORY NO. 4: Plaintiff has sought clearly relevant information regarding the Defendants' efforts to monitor and ensure non-discriminatory workplace treatment, reasonably limited as to timeframe. Again, Defendants object that the request is overbroad and immaterial. Plaintiff has offered to limit the Interrogatory to efforts by the Defendant pertaining to the Plaintiff, but no supplemental response has been received to date.

INTERROGATORY NO. 5: Plaintiff has requested information detailing any steps taken by the Defendants to inform employees of their right to complain regarding unlawful workplace treatment, reasonably limited as to timeframe. The Defendants have simply reiterated its objection and answer to INTERROGATORY NO. 4, and has provided no meaningful responsive information, as requested.

INTERROGATORY NO. 6: Reasonably limited as to timeframe, Plaintiff has requested information regarding any meetings at which Plaintiff's complaints were discussed. Defendants' response is wholly inadequate, and merely states that Plaintiff was present at any such meetings, without providing any of the requested detail. If it is the Defendants' position that Mr. Maddalena's complaints were never discussed among any authority of the Defendants, without counsel or Mr. Maddalena present, Defendants should so state.

INTERROGATORY NO. 7: Reasonably limited as to timeframe, Plaintiff has requested detailed information regarding workplace efforts by the Defendants to investigate incidents or claims of unlawful conduct. Defendants have objected and have provided none of the requested information to this reasonable request.

INTERROGATORY NO. 8: Plaintiff has requested a description of the efforts by Defendants to retrieve relevant documents from e-mail, computer and other systems. Defendants have objected and provided no information.

INTERROGATORY NO. 9: Plaintiff has requested a description of the Defendants' policies regarding the retention, storage and maintenance of computer generated data, e-mails and like material, in order to discover relevant documents. Defendants have objected and have provided no information.

INTERROGATORY NO. 10: Plaintiff has asked Defendants to identify individuals contacted by Defendants, in an effort to discover any relevant information. Defendants have objected and have provided no information.

INTERROGATORY NO. 11: Plaintiff has asked Defendants to identify any individual whom Defendants claims made a statement against the Plaintiff. Defendants have objected and provided no responsive information.

INTERROGATORY NO. 12: Plaintiff has asked for a listing of any and all documents which would lead to the discovery of relevant information. Defendants objected and have provided no information.

INTERROGATORY NO. 13: Plaintiff has asked for a listing of any and all documents which would lead to the discovery of relevant information. Defendants objected and have provided no information.

INTERROGATORY NO. 16: Plaintiff has requested information regarding discipline or corrective action regarding Officer John Mihalos, whom the Plaintiff contends assaulted him. Defendants have objected and provided no information, other than to respond that they do not understand the term "corrective action."

INTERROGATORY NO. 18: Plaintiff has requested a description of any efforts by the Defendants to contact the Plaintiff to review his complaints regarding alleged workplace misconduct. Defendants object, and have provided no meaningful information.

INTERROGATORY NO. 19: Plaintiff has requested the name of every individual interviewed with respect to his allegation regarding workplace assault including certain contact data and other pertinent information. Defendants simply respond that the interviews were documented and reports were being produced but none of the specific information was provided.

INTERROGATORY NO. 20: Plaintiff requests detailed information regarding meetings at which his complaints were discussed by Defendants. Defendants have simply reiterated their response to INTERROGATORY NO. 6, and have provided no information.

INTERROGATORY NO. 23: Plaintiff requests information regarding the Employers' response to the Plaintiff complaints about workplace harassment. Defendants provided

virtually no information, other than to reiterate their objection to INTERROGATORY NO. 7.

INTERROGATORY NO. 27: Plaintiff has requested the identity of any investigator rendering services in this case. Defendants have declined to name any of the investigators, information that is clearly relevant and pertinent to the Plaintiff's pursuit of these issues.

INTERROGATORY NO. 28: Plaintiff requests confirmation of each of those instances in which he complained regarding unlawful workplace treatment, clearly pertinent information to the advancement of his claims. Defendants have objected and provided no meaningful information.

**Based on the above, Plaintiff respectfully requests that the Court compel Defendants to provide complete and fully responsive answers to Plaintiff's Interrogatory Requests, within ten days of the date of the Court's granting of this Motion.**

**REQUEST FOR A HEARING**

Plaintiff respectfully requests that the Court schedule a hearing on this matter.

**CERTIFICATION**

**Plaintiff's counsel certifies that Plaintiff has made a good faith effort to confer with Defendants' counsel in an effort to resolve any discovery disputes and to secure disclosure of the requested material, without the need for court intervention, pursuant to FRCP 37.**

Respectfully Submitted,
James Maddalena

By His Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)

## CERTIFICATION

I hereby certify that, a true copy of the above was delivered by electronic transmission to counsel for the Defendants, Rebecca Tedford Partington, Office of the Attorney General, 150 South Main Street, Providence, RI 02903 on this 30th day of June, 2008.

/s/ Stephen T. Fanning

Date: June 30, 2008