**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES MADDALENA** | : | |
| | : | |
| vs. | : | **C.A. No.07-333T** |
| **STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and the RHODE ISLAND DEPARTMENT OF CORRECTIONS** | : | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, STATE OF RHODE ISLAND AND RHODE ISLAND DEPARTMENT OF CORRECTIONS**

Pursuant to the requirements of Rule 33 of the Federal Rules of Civil Procedure, Plaintiff **JAMES MADDALENA,** hereby requests the Defendants, to answer the Interrogatories specified in Section III hereof.

## I. INSTRUCTIONS

The following instructions apply to these interrogatories:

A. The interrogatories specified in Section III are to be answered in writing and under oath, and the answers are to be served upon Stephen T. Fanning, Esq., 305 South Main Street, Providence, Rhode Island 02903, within thirty (30) days after service, or at such other place and time as is agreed upon by counsel.

B. Furnish all information available to you, your attorneys, their investigators and/or all other persons acting on your behalf, and not merely such information of which you have personal knowledge.

C. Each interrogatory, and each subsection of each interrogatory, is to be fully and separately answered. As to any interrogatory for which an exact, complete and entirely accurate answer cannot be made at this time, after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

D. For any requested information as to which any claim or privilege is made or as to which any claim of protection from discovery is made under Rule 26, please identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claimed privilege or protection.

E. These interrogatories shall be deemed to be continuing so as to require supplemental answers (if you obtain further information between the time the answers are served and any trial or pertinent hearing) from time to time, but not later than thirty (30) days after such information is received or ten (10) days prior to trial or hearing on the subject matter herein, whichever is earlier.

F. If any "document" as defined in Section II hereof, is used by you in preparing your answers to these interrogatories, include as part of each answer for which such document was used, its date, author or originator, title, subject matter, any other characteristics necessary to identify the document and the present location and/or custodian of the original and any non-identical copy. If the present location or custodian of the original and any non-identical copy is unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

G. In answering these interrogatories, any document or communication required to be identified or described may, at your option, be attached hereto as part of your answers.

## II. DEFINITIONS

A. "Maddalena" is Plaintiff, JAMES MADDALENA, his attorneys, accountants, agents, servants and/or employees.

B. "You" and/or "your" is Defendant Rhode Island Department of Corrections, its attorneys, accountants, directors, managers, supervisors, agents, servants, and/or other employees or directly related entities directly involved in the allegations at issue in this action.

C. "Person" means the plural as well as the singular and includes any natural person, firm, association, partnership, join venture, business trust, corporation, governmental or public entity, department, agency, office and/or any other form of legal entity.

D. "Relates" and/or "relating to" means concerning, alluding to, responding to, connection with, commenting on, with respect to, about, in respect of, discussing, showing, describing, mentioning, reflecting, analyzing, explaining, constituting, evidencing, memorializing, summarizing or pertaining to.

E. "Communication" is any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever.

F. "Document" is to be construed in the broadest possible sense under Rule 34, including, without limitation, any paper or other writing and/or any item of graphic material, however reproduced or recorded. Document means all writings of any kind, including the originals and non-identical copies, whether different from the originals by reason of any notation made upon such copies or otherwise, including, but not limited to, correspondence, memoranda, notes, worksheets, diaries, statistics, letters, telegrams, telefax, facsimiles, minutes, contracts, leases, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter of any kind; and all forms of drafts, notations, markings, alterations, modifications, changes and amendments of any of the foregoing; graphical or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, videotapes, recordings and motion pictures); and the electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

G. To "identify" a document (as herein defined) or any other thing or item means to state its type (e.g. letter, memorandum, periodical) or otherwise describe it and, in addition, to supply the following information with respect thereto, where applicable:

a. the identity of the person who prepared it;
b. the identity of the person who signed it or in whose name it was issued;
c. the identity of each person to whom it was addressed and/or distributed;
d. the nature and substance of the writing with sufficient particularity to enable it to be identified;
e. its date, and if it bears no date, its approximate date;
f. its physical location, the name and address of its custodian(s), and when it came into your possession or control, if such is the case; and
g. if any such document was, but is no longer in your possession or subject to your control, "identity" includes a description of what disposition was made of it and the identity of the person who presently has custody of it.

H. To "identify" a verbal communication means to state with respect thereto, where applicable:

a. the identity of each person who participated in the communication and the name of each person who was present at the time it was made;

b. by whom each such person was employed and who each such person represented or purported to represent making such communication;

c. the date when such communication took place;

d. the place where such communication took place;

e. what each person said, or if not known, the substance thereof; and

f. the identification of each document pertaining to such verbal communication.

I. To "identify" a person means with respect thereto, where applicable

a. his, her or its name, last known business address, and, in addition, if a natural person, his or her last known residential address; and

b. if a natural person, the name and last known business address of each of his or her employers at the time referred to by you in your answer and at the present time, and the employment position held by such person with each such employer and the date on which such employment began or ceased.

J. To "identify" a place, geographical area, or location means to state the number, street, municipality, state or province, and country, if outside of the United States, wherein such place or geographical area is located.

K. To "describe", "describe in detail", "state" and/or "state in detail", as those terms are used herein, means to relate as completely as possible each and every act, omission, incident, event, condition, circumstance or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates, and without limiting the foregoing, to:

a. identify all documents directly or indirectly related thereto;

b. identify all communications directly or indirectly related thereto;

c. identify all persons directly or indirectly related thereto; and

d. identify all locations applicable to any events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

L. "Date" means the exact day, month and year, if ascertainable, or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

## III. INTERROGATORIES

1. Identify the names, addresses, and telephone numbers of each individual likely to have discoverable information relevant to disputed facts alleged in the Plaintiff's Complaint and/or who may be called at trial as a witness on Defendants' behalf. For each individual identified, describe in detail the information in that person's possession.

2. Identify and describe all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendants, relevant to disputed facts alleged in Plaintiff's Complaint. With respect to each identified item, indicate its current location.

3. Identify any insurance agreement or coverage that may be liable to satisfy all or part of any judgment that may be entered in this action or to reimburse or indemnify for payments made to satisfy the judgment.

4. From May 4, 2006 to date, state and describe in detail any steps taken by the Defendants to monitor and ensure nondiscriminatory workplace treatment of its employees.

5. From January 1, 2004 to date, state and describe in detail any steps taken by the Defendants to inform employees of their right to complain to department/employer authorities regarding perceived workplace discrimination and retaliation.

6. From January 1, 2004 to the present, state and describe in detail any meetings that took place, involving supervisory or managerial authority of Defendants, at which Plaintiff's complaints or reports regarding discriminatory or retaliatory workplace conditions. With respect to any such meetings, identify:

a. the date/time/location of the meeting;

b. all persons in attendance;

c. the substance of the discussions;

d. whether or not notes, records, or other documentation exists regarding said meeting;

7. State and describe in detail the steps Defendants took, pursuant to its policies existing from January 1, 2004 to the present, to investigate claims regarding discriminatory, retaliatory, harassing or other unlawful workplace treatment alleged by Plaintiff. Include:

a. the names and positions/titles of Defendants' personnel participating in any such investigation(s);

b. the specific procedures utilized in any such investigation(s);

c. the dates, locations, substance, and participants with respect to any meetings or hearings held pursuant to any such investigation(s);

d. the specific misconduct alleged;

e. the results of any such investigation(s). (Indicate whether any disciplinary or other corrective action resulted.)

8. Identify the efforts taken by Defendants, in response to these Interrogatories and Plaintiff's Request For Documents, to retrieve documents, including, but not limited to, deleted documents, from Defendants' computer and email systems.

9. Describe in detail the Defendants' policies, from January 1, 2005 through the present, with respect to the retention, storage, maintenance, and safeguarding of computer-generated data, electronic information, email, and like material. Your response should include, but should not be limited to, identifying the specific locations and forms in which any such material regarding James Maddalena was deposited, including specific computer hard drives, Internet server archives, company logs of email and Web usage, and like locations; as well as identifying any such documents regarding James Maddalena in Defendants' possession or control.

10. Please identify each and every individual, including, but not limited to, current and former employees of Defendants, who Defendants have contacted regarding any facts relating to this matter, identifying the date and manner of the contact/communication, and the sum and substance of the communication.

11. Identify each and every individual Defendants claim made a statement against the Plaintiff's interest regarding his claims herein.

12. Identify with specificity any and all documents, including, but not limited to, notes, memoranda, letters, diaries, or tape recordings prepared, maintained, or obtained by Defendants relevant to or which would lead to the discovery of relevant information concerning the allegations at issue in Plaintiff's Complaint.

13. Identify each and every document not previously identified that supports or in any way relates to Defendants' defenses of the allegations contained in Plaintiff's Complaint.

14. Identify the person(s) who answered or assisted in the answering of these Interrogatories, identifying the specific interrogatories each individual assisted in answering.

15. State and describe in detail all incidents in the workplace resulting in formal discipline or other corrective action taken by the Department of Corrections regarding the Plaintiff.

16. State and describe in detail all incidents in the workplace resulting in formal discipline or other corrective action taken by the Department of Correction regarding John Mihalos during his tenure of employment.

17. Describe in detail the functions required to be performed by a Correctional Officer.

18. State and describe in detail any and all efforts by the Defendants, their supervisors and/or managers, to contact the Plaintiff, in order to review complaints/reports regarding misconduct alleged by Plaintiff regarding his co-workers and/or supervisory personnel.

19. State the name of every individual you have interviewed (formally or informally) regarding the incident cited in Plaintiff's Complaint, occurring on 8/17/06. Please include, the date the individual was contacted, the individual's name, position, contact

information, substance of each and every conversation, and what record was taken of each contact (i.e. written notes, tape-recording.)

20. Please describe in detail every meeting where Plaintiff's complaints, issues, and/or grievances were discussed. Please include:

a. date of meeting;

b. who was present;

c. location of meeting;

d. substance of meeting;

e. what documents, if any were produced from said meeting and where they are located.

21. Please state any and all documents relied on in responding to Plaintiff's First Set of Interrogatories.

22. Please state any and all action the Employer took in response to the "petition" dated 8/25/06, numbered 0308-0309 in Plaintiff's Responses to Defendants' Request for Production.

23. Please state any and all action the Employer took in response took in response to Plaintiff's complaints about workplace harassment from May 4, 2006 to the present.

24. Please state the outcome of any investigation regarding the incident occurring on 8/17/06.

25. Please state any complaints brought against by James Mihalos by any employee of Defendants. Please include the employees name, contact information, date complaint was made, nature of complaint, resolution.

26. Please state any and all instances from May 4, 2006 that Plaintiff requested medical leave or sick time and the result of these requests.

Respectfully Submitted,
James Maddalena
By His Attorney,

Stephen Fanning

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
FAX: 401-272-4520

CERTIFICATION

I hereby certify that, on the date indicated below, a true and complete copy of the above was served upon Defendants' counsel of record, Rebecca Tedford-Partington, Esq., Office of the Attorney General, 150 South Main Street, Providence, RI 02903, by regular mail.

Stephen Fanning

Date: 4-22-08