UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES MADDALENA | : | |
| | : | |
| vs. | : | C.A. No.07-333T |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and the RHODE ISLAND DEPARTMENT OF CORRECTIONS | : | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

1. Identify the names, addresses, and telephone numbers of each individual likely to have discoverable information relevant to disputed facts alleged in the Plaintiffs Complaint and/or who may be called at trial as a witness on Defendants' behalf. For each individual identified, describe in detail the information in that person's possession.

**Response: Any person named in any document produced during the discovery phase of this litigation. If that individual authored a memorandum or other document, or provided a statement that has been produced in discovery, the knowledge possessed by that individual is consistent therewith.**

2. Identify and describe all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendants, relevant to disputed facts alleged in Plaintiffs Complaint. With respect to each identified item, indicate its current location.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. This interrogatory calls for the mental impressions of counsel, i.e., identifying what documents are "relevant." Without waiving that objection, see documents produced by both Plaintiff and Defendants.**

3. Identify any insurance agreement or coverage that may be liable to satisfy all or part of any judgment that may be entered in this action or to reimburse or indemnify for payments made to satisfy the judgment.

**Response: None.**

4. From May 4, 2006 to date, state and describe in detail any steps taken by the Defendants to monitor and ensure nondiscriminatory workplace treatment of its employees.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence, calls for voluminous narrative response. Without waiving**

**that objection, Defendants would refer to State and Federal law applicable to the State as employer, to the Department's Code of Ethics and Conduct, the Affirmative Action policy, the human resources office and the internal affairs unit. Furthermore, from time to time employees receive in-service training from both the State and the Department concerning these types of issues. Various notices are posted throughout the facilities. Individual situations are addressed as the need arises (ex: document LM144). Finally, self-declaration of disability forms are available from the Human Resources office.**

5. From May, 4, 2006 to date, state and describe in detail any steps taken by the Defendants to inform employees of their right to complain to department/employer authorities regarding perceived workplace discrimination and retaliation.

**Response: See Response to Interrogatory No. 4.**

6. From May 4, 2006 to the present, state and describe in detail any meetings that took place, involving supervisory or managerial authority of Defendants, at which Plaintiffs complaints or reports regarding discriminatory or retaliatory workplace conditions. With respect to any such meetings, identify:

a. the date/time/location of the meeting;

b. all persons in attendance;

c. the substance of the discussions;

d. whether or not notes, records, or other documentation exists regarding said meeting;

**Response: Other than meetings where Plaintiff was present, counsel met with Linda Milner at the commencement of this litigation and in preparation for responding to discovery. Object to providing any further information concerning that meeting as privileged.**

7. State and describe in detail the steps Defendants took, pursuant to its policies existing from May 4, 2006 to the present, to investigate claims regarding discriminatory, retaliatory, harassing or other unlawful workplace treatment alleged by Plaintiff. Include:

a. the names and positions/titles of Defendants' personnel participating in any such investigation(s);

b. the specific procedures utilized in any such investigation(s);

c. the dates, locations, substance, and participants with respect to any meetings or hearings held pursuant to any such investigation(s);

d. the specific misconduct alleged;

e. the results of any such investigation(s). (Indicate whether any disciplinary or other corrective action resulted.)

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. Without waiving that objection, generally, when the Plaintiff advised the DOC of any complaints they would be investigated and acted upon. All documents concerning those complaints and subsequent action taken are being produced simultaneously herewith.**

8. Identify the efforts taken by Defendants, in response to these Interrogatories and Plaintiffs Request For Documents, to retrieve documents, including, but not limited to, deleted documents, from Defendants' computer and email systems.

**Response: Objection. This is not the proper subject of a discovery request. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. Further, the interrogatory seeks information protected by the attorney-client and work product privileges.**

9. Describe in detail the Defendants' policies, from January 1, 1999 through the present, with respect to the retention, storage, maintenance, and safeguarding of computer-generated data, electronic information, email, and like material. Your response should include, but should not be limited to, identifying the specific locations and forms in which any such material regarding James Maddalena was deposited, including specific computer hard drives, Internet server archives, company logs of email and Web usage, and like locations; as well as identifying any such documents regarding James Maddalena in Defendants' possession or control.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence.**

10. Please identify each and every individual, including, but not limited to, current and former employees of Defendants, who Defendants have contacted regarding any facts relating to this matter, identifying the date and manner of the contact/communication, and the sum and substance of the communication.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. This interrogatory also seeks information protected by the attorney-client privilege and work product privileges.**

11. Identify each and every individual Defendants claim made a statement against the Plaintiffs interest regarding his claims herein.

**Response: Objection. Defendants are unable to understand the interrogatory. Without**

**to counsel are protected from disclosure by the work produce and/or attorney client privileges.**

12. Identify with specificity any and all documents, including, but not limited to, notes, memoranda, letters, diaries, or tape recordings prepared, maintained, or obtained by Defendants relevant to or which would lead to the discovery of relevant information concerning the allegations at issue in Plaintiffs Complaint.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. This interrogatory also seeks information protected by the attorney-client and work product privileges.**

13. Identify each and every document not previously identified that supports or in any way relates to Defendants' defenses of the allegations contained in Plaintiffs Complaint.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. This interrogatory also seeks information protected by the attorney-client and work product privileges. Without waiving that objection, all such non-privileged documents have been exchanged by the parties would be responsive to this request.**

14. Identify the person(s) who answered or assisted in the answering of these Interrogatories, identifying the specific interrogatories each individual assisted in answering.

**Response: Other than counsel of record, Eamonn Gill, Legal Counsel to the DOC, Kim Mallet, DOC Inspector and Linda Milner contributed to answering these interrogatories.**

15. State and describe in detail all incidents in the workplace resulting in formal discipline or other corrective action taken by the Department of Corrections regarding the Plaintiff.

**Response: Objection. Overbroad, burdensome and immaterial. Further, this information is well known to the Plaintiff. Finally, without a definition of "corrective action" and to whom that would apply, Defendants are unable to answer this interrogatory.**

16. State and describe in detail all incidents in the workplace resulting in formal discipline or other corrective action taken by the Department of Correction regarding John Mihalos during his tenure of employment.

**Response: Objection. Overbroad, burdensome and immaterial. Further, this information is well known to the Plaintiff. Finally, without a definition of "corrective action" and to whom that would apply, Defendants are unable to answer this interrogatory.**

17. Describe in detail the functions required to be performed by a Correctional Officer.

**Response: Please refer to the job description for Correctional Officer being provided in response to the Request for Production of Documents, filed simultaneously herewith.**

18. State and describe in detail any and all efforts by the Defendants, their supervisors and/or managers, to contact the Plaintiff, in order to review complaints/reports regarding misconduct alleged by Plaintiff regarding his co-workers and/or supervisory personnel.

**Response: Objection. Overbroad, immaterial, unduly burdensome. Further the question is unclear. Without waiving that objection, a protocol was in place under the Settlement Agreement for resolving Plaintiff's complaints. That procedure was used when appropriate.**

19. State the name of every individual you have interviewed (formally or informally) regarding the incident cited in Plaintiffs Complaint, occurring on 8/17/06. Please include, the date the individual was contacted, the individual's name, position, contact information, substance of each and every conversation, and what record was taken of each contact (i.e. written notes, tape-recording.)

**Response: Each interview was documented, and those reports are being produced in response to the Request for Production of Documents.**

20. Please describe in detail every meeting where Plaintiffs complaints, issues, and/or grievances were discussed. Please include:

a. date of meeting;
b. who was present;
c. location of meeting;
d. substance of meeting;
e. what documents, if any were produced from said meeting and where they are located.

**Response: See Response to No. 6.**

21. Please state any and all documents the Defendants' relied upon in responding to Plaintiffs First Set of Interrogatories.

**Response: The Complaint, the Answer, the file of Linda Milner, the documents provided by the Plaintiff, as well as the Answers to Interrogatories filed in the previous litigation.**

22. Please state any and all action the Employer took in response to the "petition" dated 8/25/06, numbered 0308-0309 in Plaintiffs Responses to Defendants' Request for Production.

**Response: An investigation was done. People who indicated in a report that they had first hand knowledge of specific events were interviewed by the Office of Inspections. People who were able to provide additional information did second reports.**

23. Please state any and all action the Employer took in response took in response to Plaintiffs complaints about workplace harassment from May 4, 2006 to the present.

**Response: See Response to No. 7.**

24. Please state the outcome of any investigation regarding the incident occurring on 8/17/06 and the Employer's basis for that outcome. Please include any and all documents relied upon in determining this outcome and the location of said documents.

**Response: The investigation was handled by the state police. State police chose not to pursue criminal charges after investigation as evidenced by their police reports. Those documents are being produced in the response to Request for Production of Documents.**

25. Please state any complaints brought against James Mihalos by any employee, including but not limited to Plaintiff, since Mihalos' starting date of employment. Please include the employees name, contact information, date complaint was made, nature of complaint, resolution.

**Response: Objection. Overbroad, burdensome and immaterial. Not reasonably calculated to lead to the discovery of relevant evidence. Further, the information sought encompasses privileged, confidential and private material.**

26. Please state any and all instances from May 4, 2006 that Plaintiff requested medical leave or sick time and the result of these requests.

**Response: Objection. Overbroad, burdensome and immaterial. Not reasonably calculated to lead to the discovery of relevant evidence. Further, this information is well known to the Plaintiff.**

27. Identify each and every investigator whom Defendants have engaged to render services in this case.

**Response: Other than the investigators employed by the DOC, none.**

28. State with particularity any and all instances when the Plaintiff complained that the Defendants, its employees, and/or its agents treated him in a retaliatory, hostile, demeaning or unlawful manner.

**Response: Objection. Overbroad, burdensome. They are too numerous to list. Without waiving that objection, since 2006, each time the Plaintiff lodged a complaint with the DOC pursuant to the terms of the Settlement Agreement, it was memorialized. Those documents**

**are being produced in the response to Request for Production of Documents, and are contained in LM8-LM399.**

29. Set forth all facts and information not previously requested that concern the subject matter of this action or the allegations set forth in Plaintiffs Complaint.

**Response: Objection. Overbroad, immaterial, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence. Calls for information protected by the work product and attorney client privileges.**

Linda A. Milner

Subscribed and sworn to before me this 6th day of June, 2008.

Notary Public
My Commission Expires: 10-12-2008

As to Answers 22 and 24:

Kim A. Mallett
Inspector

Subscribed and sworn to before me this 6th day of June, 2008.

Notary Public
My Commission Expires: 12.20.09

As to Objections:

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
Genevieve Allaire-Johnson
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
Fax: (401) 222-2995

**CERTIFICATION**

I hereby certify that I mailed a true copy of the foregoing Interrogatories by first class mail, postage prepaid on this 10th day of June, 2008 to:

Stephen Fanning, Esquire
305 South Main Street
Providence, RI 02903

Carol Collins