**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**JAMES MADDALENA**

**v.** **No. 07-333T**

**STATE OF RHODE ISLAND AND**
**PROVIDENCE PLANTATIONS,**
**and THE RHODE ISLAND**
**DEPARTMENT OF CORRECTIONS**

**OBJECTION TO MOTION TO COMPEL**

Now comes the State of Rhode Island and objects to Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Interrogatories. A Memorandum of Support is attached.

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Tedford Partington*
*/s/ Genevieve Allaire-Johnson*

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
Genevieve Allaire-Johnson
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
Fax: (401) 222-2995
rpartington@riag.ri.gov
gallaire@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within Objection via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorney of record on this 9th day of July, 2008.

**Stephen T. Fanning**
stephenfanning@msn.com

*Rebecca Tedford Partington*

______________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**JAMES MADDALENA**

**v.** **No. 07-333T**

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and THE RHODE ISLAND DEPARTMENT OF CORRECTIONS**

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO COMPEL**

The Defendants submit this memorandum in support of their Objection to Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Interrogatories. Rule 33 (d) of the Federal Rules of Civil Procedure provides that when the answer to an interrogatory may be derived from business records, the responding party may specify the records from which the answer may be derived and give the party an opportunity to inspect such records.

In this case, in response to discovery requests, the state has produced in its entirety, the file of Linda Milner, the Department of Corrections Human Resources Employee, to whom Defendant was required to make his complaints pursuant to a Settlement Agreement with Plaintiff in a previous lawsuit. The State numbered those documents LM 00003 to LM 00413 and referred to those documents in the State's Answers to Plaintiff's Interrogatories.

Moreover, the State produced all documents relating to the Department of Corrections' investigations of the Plaintiff's numerous complaints, which provide the basis for this litigation, as well as copies of the State Police investigation of those complaints. Plaintiff is essentially requesting, through this Motion to Compel, that the State review the documents it produced and compile a list of witnesses from that review; this is not required under the Federal Rules of Civil Procedure.

In addition, Interrogatory Number 7 requests information more appropriately requested in the form of a deposition or other discovery request. Interrogatories 8 and 9 are not reasonably calculated to lead to the discovery of relevant evidence as they seek information regarding how the Defendants retrieve and retain computer generated documents. Finally, several of the interrogatories sought information protected by the work product or attorney client privileges.

As demonstrated below, the State has adequately answered each of the interrogatory responses set forth in Plaintiffs' Motion to Compel.

1. Identify the names, addresses, and telephone numbers of each individual likely to have discoverable information relevant to disputed facts alleged in the Plaintiffs Complaint and/or who may be called at trial as a witness on Defendants' behalf. For each individual identified, describe in detail the information in that person's possession.

**Response: Any person named in any document produced during the discovery phase of this litigation. If that individual authored a memorandum or other document, or provided a statement that has been produced in discovery, the knowledge possessed by that individual is consistent therewith.**

2. Identify and describe all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendants, relevant to disputed facts alleged in Plaintiffs Complaint. With respect to each identified item, indicate its current location.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. This interrogatory calls for the mental impressions of counsel, i.e., identifying what documents are "relevant." Without waiving that objection, see documents produced by both Plaintiff and Defendants.**

4. From May 4, 2006 to date, state and describe in detail any steps taken by the Defendants to monitor and ensure nondiscriminatory workplace treatment of its employees.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence, calls for voluminous narrative response. Without waiving that objection, Defendants would refer to State and Federal law applicable to the State as employer, to the Department's Code of Ethics and Conduct, the Affirmative Action policy, the human resources office and the internal affairs unit. Furthermore, from time to time employees receive in-service training from both the State and the Department concerning these types of issues. Various notices are posted throughout the facilities. Individual situations are addressed as the need arises (ex: document LM144). Finally, self-declaration of disability forms are available from the Human Resources office.**

5. From May, 4, 2006 to date, state and describe in detail any steps taken by the Defendants to inform employees of their right to complain to department/employer authorities regarding perceived workplace discrimination and retaliation.

**Response: See Response to Interrogatory No. 4.**

6. From May 4, 2006 to the present, state and describe in detail any meetings that took place, involving supervisory or managerial authority of Defendants, at which Plaintiffs complaints or reports regarding discriminatory or retaliatory workplace conditions. With respect to any such meetings, identify:

a. the date/time/location of the meeting;

b. all persons in attendance;

c. the substance of the discussions;

d. whether or not notes, records, or other documentation exists regarding said meeting;

**Response: Other than meetings where Plaintiff was present, counsel met with Linda Milner at the commencement of this litigation and in preparation for responding to discovery. Object to providing any further information concerning that meeting as privileged.**

7. State and describe in detail the steps Defendants took, pursuant to its policies existing from May 4, 2006 to the present, to investigate claims regarding discriminatory, retaliatory, harassing or other unlawful workplace treatment alleged by Plaintiff. Include:

a. the names and positions/titles of Defendants' personnel participating in any such investigation(s);

b. the specific procedures utilized in any such investigation(s);

c. the dates, locations, substance, and participants with respect to any meetings or hearings held pursuant to any such investigation(s);

d. the specific misconduct alleged;

e. the results of any such investigation(s). (Indicate whether any disciplinary or other corrective action resulted.)

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. Without waiving that objection, generally, when the Plaintiff advised the DOC of any complaints they would be investigated and acted upon. All documents concerning those complaints and subsequent action taken are being produced simultaneously herewith.**

8. Identify the efforts taken by Defendants, in response to these Interrogatories and Plaintiffs Request For Documents, to retrieve documents, including, but not limited to, deleted documents, from Defendants' computer and email systems.

**Response: Objection. This is not the proper subject of a discovery request. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. Further, the interrogatory seeks information protected by the attorney-client and work product privileges.**

9. Describe in detail the Defendants' policies, from January 1, 1999 through the present, with respect to the retention, storage, maintenance, and safeguarding of computer-generated data, electronic information, email, and like material. Your response should include, but should not be limited to, identifying the specific locations and forms in which any such material regarding James Maddalena was deposited, including specific computer hard drives, Internet server archives, company logs of email and Web usage, and like locations; as well as identifying any such documents regarding James Maddalena in Defendants' possession or control.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence.**

10. Please identify each and every individual, including, but not limited to, current and former employees of Defendants, who Defendants have contacted regarding any facts relating to this matter, identifying the date and manner of the contact/communication, and the sum and substance of the communication.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. This interrogatory also seeks information protected by the attorney-client privilege and work product privileges.**

11. Identify each and every individual Defendants claim made a statement against the Plaintiffs interest regarding his claims herein.

**Response: Objection. Defendants are unable to understand the interrogatory. Without waiving this objection, any written statements have been provided. Any statements made to counsel are protected from disclosure by the work produce and/or attorney client privileges.**

12. Identify with specificity any and all documents, including, but not limited to, notes, memoranda, letters, diaries, or tape recordings prepared, maintained, or obtained by Defendants relevant to or which would lead to the discovery of relevant information concerning the allegations at issue in Plaintiffs Complaint.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. This interrogatory also seeks information protected by the attorney-client and work product privileges.**

13. Identify each and every document not previously identified that supports or in any way relates to Defendants' defenses of the allegations contained in Plaintiffs Complaint.

**Response: Objection. Overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant evidence. This interrogatory also seeks information protected by the attorney-client and work product privileges. Without waiving that objection, all such non-privileged documents have been exchanged by the parties would be responsive to this request.**

16. State and describe in detail all incidents in the workplace resulting in formal discipline or other corrective action taken by the Department of Correction regarding John Mihalos during his tenure of employment.

**Response: Objection. Overbroad, burdensome and immaterial. Further, this information is well known to the Plaintiff. Finally, without a definition of "corrective action" and to whom that would apply, Defendants are unable to answer this interrogatory.**

18. State and describe in detail any and all efforts by the Defendants, their supervisors and/or managers, to contact the Plaintiff, in order to review complaints/reports regarding misconduct alleged by Plaintiff regarding his co-workers and/or supervisory personnel.

**Response: Objection. Overbroad, immaterial, unduly burdensome. Further the question is unclear. Without waiving that objection, a protocol was in place under the Settlement Agreement for resolving Plaintiff's complaints. That procedure was used when appropriate.**

19. State the name of every individual you have interviewed (formally or informally) regarding the incident cited in Plaintiffs Complaint, occurring on 8/17/06. Please include, the date the individual was contacted, the individual's name, position, contact information, substance of each and every conversation, and what record was taken of each contact (i.e. written notes, tape-recording.)

**Response: Each interview was documented, and those reports are being produced in response to the Request for Production of Documents.**

20. Please describe in detail every meeting where Plaintiffs complaints, issues, and/or grievances were discussed. Please include:

a. date of meeting;
b. who was present;
c. location of meeting;
d. substance of meeting;
e. what documents, if any were produced from said meeting and where they are located.

**Response: See Response to No. 6.**

23. Please state any and all action the Employer took in response took in response to Plaintiffs complaints about workplace harassment from May 4, 2006 to the present.

**Response: See Response to No. 7.**

27. Identify each and every investigator whom Defendants have engaged to render services in this case.

**Response: Other than the investigators employed by the DOC, none.**

28. State with particularity any and all instances when the Plaintiff complained that the Defendants, its employees, and/or its agents treated him in a retaliatory, hostile, demeaning or unlawful manner.

**Response: Objection. Overbroad, burdensome. They are too numerous to list. Without waiving that objection, since 2006, each time the Plaintiff lodged a complaint with the DOC pursuant to the terms of the Settlement Agreement, it was memorialized. Those documents are being produced in the response to Request for Production of Documents, and are contained in LM8-LM399.**

For the reasons set forth in this Memorandum, the State respectfully requests that the Plaintiff's Motion to Compel be denied.

Defendants
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Tedford Partington*
*/s/ Genevieve Allaire-Johnson*

Rebecca Tedford Partington #3890
Deputy Chief – Civil Division
Genevieve Allaire-Johnson
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
Fax: (401) 222-2995
rpartington@riag.ri.gov
gallaire@riag.ri.gov

## CERTIFICATION

I hereby certify that I filed the within Memorandum in Support of Objection via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorney of record on this 9th day of July, 2008.

**Stephen T. Fanning**
stephenfanning@msn.com

*Rebecca Tedford Partington*

______________________________