UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES MADDALENA | : | |
| | : | |
| v. | : | C.A. No. 07-333T |
| | : | |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and THE RHODE ISLAND DEPARTMENT OF CORRECTIONS | : | |

**MEMORANDUM AND ORDER**

Pending before the Court for determination is Plaintiff's Motion to Compel Defendants' Responses to Interrogatories. (Document No. 18). Defendants have objected. (Document No. 21). A hearing was held on August 25, 2008. Plaintiff's Motion is resolved as follows:

1. Plaintiff has withdrawn his Motion as to Interrogatories 4, 5, 8, 10, 11, 12, 13, 19, 20, 23 and 28 and thus his Motion to Compel is DENIED as moot with respect to them.

2. **Interrogatory No. 1.** GRANTED in part. Defendants shall supplement their response by providing the specific information requested. Defendants are not, however, required at this stage to produce the personal contact information of DOC personnel in light of Defendants' counsels' representation that they have cooperated with Plaintiff in the production of witnesses and will continue to do so.

3. **Interrogatory No. 2.** DENIED as overly broad and in view of Defendants' representation that all relevant documents have been produced.

4. **Interrogatory No. 6.** GRANTED in part. Defendants only stated objection was privilege as to meetings between Ms. Milner and counsel regarding this litigation and thus all other objections are waived. Defendants shall otherwise supplement their response with the specifics requested by Plaintiff.

5. **Interrogatory No. 7.** GRANTED in part. Defendants shall either supplement their response or, if such is the case, certify to Plaintiff that the steps taken to investigate Plaintiff's complaints are detailed in the documents already produced.

6. **Interrogatory No. 9.** GRANTED in part. Pursuant to Fed. R. Civ. P. 33(d), Defendants shall produce the requested written policy or, if none, supplement their response by describing the policy. Defendants shall respond for the period from January 1, 2006 through the present.

7. **Interrogatory No. 16.** DENIED. However, Plaintiff is granted leave to serve a revised interrogatory on Defendants within ten (10) days which is narrower in scope as to the types of "incidents" and covers only the period from January 1, 2004 through the present.

8. **Interrogatory No. 18.** GRANTED in part. Defendants shall supplement their answer to the extent there were any "efforts...to contact" Plaintiff in order to review his "complaints/reports" of misconduct that are not set forth in the documents produced or Ms. Milner's chronology. Further, such response is limited to the period from May 1, 2006 through the present.

9. **Interrogatory No. 27.** GRANTED in part. Defendants shall supplement their response by naming any DOC investigators in addition to Ms. Mallett who investigated Plaintiff's complaints since May 1, 2006, or, if none, certify none other than Ms. Mallett.

**Conclusion**

Plaintiff's Motion to Compel (Document No. 18) is GRANTED in part and DENIED in part as provided herein. Defendants shall respond as required by this Order within twenty (20) days. LR Cv 37(b).

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 27, 2008